## No. 10,180.

### THE STATE EX REL. JEFFERSON CITY GAS LIGHT COMPANY VS. THE CITY OF NEW ORLEANS.

Under the terms of the original contract of 1867, with the City of Jefferson, the company is entitled to $45 per annum for each gas lamp put up with municipal authority and used, and under the resolution of 1868 to $50 per annum for each lamp erected and used on the streets named in the instrument. It is also entitled to $45 per annum for each lamp raised and used with municipal authority on any other street in the former cities of Jefferson and Carrollton.

By the act consolidating those cities with the City of New Orleans, the latter was burdened with the contract obligations of the former, which can in no way be impaired.

The proof is insufficient as to part of the claim for a larger appropriation.

APPEAL from the Civil District Court for the Parish of Orleans. *Tissot*, J.

---

*Frank N. Butler* for the Relator and Appellee:

1. Relator has a contract with the City of New Orleans, as the successor of the cities of Jefferson and Carrollton, to light the Sixth and Seventh municipal Districts with illuminating gas, for a period of thirty years, or until March 9th, 1899, at the rate of $50 per lamp per annum.

   *Vide:* Act before P. E. Davis, notary public, dated April 24th, 1867; confirmed and enlarged by Act before Benj. Campbell, notary public, dated May 10th, 1868; ratified and extended by the Legislature of Louisiana in Act No. 96 of 1869, approved March 9th, 1869; and, further extended by a Notarial Act passed before Benj. Campbell, notary public, dated January 14th, 1870; and by another Notarial Act before John F. Coffey, notary public, dated January 18th, 1871.

2. The City of New Orleans, as the successor of the cities of Jefferson and Carrollton, is by law compelled to carry out relator's contracts with those cities. *Vide:* Act of Extra Session of 1870, § 34; Act 71 of 1874, § 5; New Orleans vs. Clark, 95 U. S. 650.

3. Relator has a contract and constitutional right to an annual appropriation of $50 per lamp, and to the levy of a tax sufficient to meet and to pay the same; and, if necessary, for the realization of its claim to exhaust the limit of taxation existing at the time its said contract was entered into.

State ex rel. Gas Company vs. City of New Orleans.

(*a.*) The limit of municipal taxation, at the date of said contract, was fifteen mills on the dollar of valuation of taxable property. *Vide:* Act No. 164, of 1856, § 124; Act No. 57, 1867, § 7, par. 6; Act No. 75. of 1868, § 8, par. 6; Act No. 7, Extra Session, 1870, § 12. par. 20.

(*b.*) Relator's claim being founded on contracts entered into when the rate of taxation was limited to fifteen mills, the subsequent reduction of that limit to ten mills, could not and did not deprive relator of its vested and constitutional right to the levy of a tax to the extent of fifteen mills. if necessary to realize the amount due under said contract. *Vide:* Art. 155 and 258 Constitution of Louisiana of 1879; Art, 110, Constitution of Louisiana of 1868: § 10 of Art. 1. Constitution of the United States: Saloy vs. City of New Orleans, 33 Ann. 79; State ex rel. Marchand vs. City, 37 Ann. 17; New Orleans vs. Clark, 95 U. S. 652; State ex rel. Wood vs. Board of Liquidation, 40 Ann. 410; Nelson vs. Parish St. Martin, 111 U. S. 720, 722; Mobile vs. Watson, 116 U. S. 305; Jefferson City Gas Light Company vs. City, No. 25 Court of Appeals. Parish of Orleans, N. R.

4.  Relator has a contract right to supply and light all the gas lamps it has erected, or that it may put up, until the expiration of its exclusive franchise; and the city is bound to provide in each annual budget an amount sufficient to pay relator for every lamp thus erected and lighted. *Vide:* Act No. 96, of 1869, p. 125; also above authorities.

5.  Relator's rights extend to every lamp erected and supplied with gas light in conformity to its said contracts: its rights are not restricted to the lamps upon the streets designated in the original contract, but extend to all other lamps. *Vide:* Act No. 96, of 1869, p. 125; *Vide:* Contract with City of Jefferson, dated January 14th, 1870. (Record pp. 45 and 48.)

6.  Relator is not confined to the revenues of 1888 for an appropriation and tax to pay for the lamps supplied and lighted during the year; its right to an appropriation and to a sufficient tax to pay the same is a continuing right: and exists until relator's said claim is fully paid. Nelson vs. St. Martin's Parish, 111 U. S. 722; Mobile vs. Watson, 116 U.S. 305.

*Samuel L. Gilmore,* Assistant City Attorney, for Respondent and Appellant.

---

The opinion of the Court was delivered by

BERMUDEZ, C. J.   The company complains that the city authorities have placed it on the budget of 1888 for $30,000, instead of $45,000, to which it is entitled for gas furnished and to be furnished the upper districts during said year, at the rate of $50 for each of 810 lamps, under contracts with the former cities of Jefferson and Carrollton, to which the City of New Orleans has succeeded, burdened with their obligations.

The prayer is that the budget be amended so as to raise the appropriation accordingly, and that eventually a tax sufficient to pay the claim be levied upon all taxable property within the limits of the city.

The answer practically is a general denial. Whatever else it may contain is argumentative.

From an adverse judgment, the city appeals.

The matter in controversy is one purely of fact, the questions of law raised being indisputable.

We have carefully examined the contracts, the Act of Incorporation, the legislative statutes, the municipal resolutions and ordinances, and

the other evidence adduced on the trial of the case, and have realized that, although under the Resolution of April 27, 1868, of the Council of Jefferson City, the company be entitled to recover $50 per annum for each of the gas lamps used on the streets therein named, it cannot demand more than $45 per annum, under the original contract of April 24, 1867, for each of the other lamps erected and used in Jefferson City, and this it could do only where the same have been put up under municipal direction.

No stipulation is to be found in the contract with the City of Carrollton of January 18, 1871, which would make the use of gas lamps by it, more expensive than for the City of Jefferson.

Surely, no provision exists authorizing the company to recover $50 per annum for each lamp wherever erected and used within the two upper districts of the city, the Sixth and Seventh.

Act 90 of 1868, which recites the two contracts of 1867 and 1868, does not do so, and the Act of Incorporation of the company, which is also included, of June 12, 1868, is silent on the subject.

Its solitary object was, as its title indicates, to ratify and confirm certain rights and privileges granted by the City of Jefferson, and to ratify and confirm an act incorporating the Jefferson City Gas Light Company, and to extend the rights and powers of said company.

While, under a formal admission in the Record, it appears that 563 lamps only, have been placed on the streets named in the resolution of 1868, there is nothing to show that the remaining 247 lamps, which are not on the streets of Jefferson City, have been raised or lit at the instance of either of the cities or of the City of New Orleans, beyond an ordinance of October 5, 1882, authorizing the company to lay pipes and put up lamps in the Sixth District, and an agreement to pay for the use of gas for 1886 and 1887, at $37 50 per annum for each of the 765 lamps then in existence.

There is no proof to show how many lamps had been raised and were being used on other streets at the bringing of this suit, and what agreement, if any, was ever entered into, in relation to the lamps on streets not named.

So that, conceding that the city is liable at the rate of $50 per annum for each lamp used on the streets named in the resolution of 1868, and of $45 per annum for other lamps erected and used, this Court is left without means to ascertain the amount to which the company may be entitled for the use of the lamps on the unnamed streets.

Under the circumstances the claims of the company to $50 per annum can be presently recognized only for each of the 563 lamps on those

streets named in the resolution of 1868, and its right to more for lamps put up on other unnamed streets, reserved for future consideration.

This means that the company is entitled to an appropriation for $28,-150 on the budget of expenditures for 1888.

Before concluding, it is proper to say that the position of the company is legal, to the effect that the rights which it has acquired in the premises, prior to the consolidation of the two cities of Jefferson and Carrollton, with the City of New Orleans, are unassailable, under both Federal and State constitutional guarantees, and that the concurrent obligations of the contracts, under which they became vested, have not been and could not be impaired by any constitutional, legislative or municipal provision, and that eventually, it is entitled to the levy of the tax claimed in the petition.

It is, therefore, ordered and decreed that the amount of appropriation specified in the judgment appealed from be reduced from $45,000 to $28,150 (twenty-eight thousand one hundred and fifty dollars); that the right of the company to the difference be reserved for ulterior consideration, and that thus amended, said judgment be affirmed at appellee's costs.

### ON APPLICATION FOR REHEARING.

BERMUDEZ, C. J. The relator contends that there is proof in the Record that 117 lamps have been raised and lit by municipal authority from the city of Carrollton, but does not complain about the non-allowance for the remaining 130 lamps—or other parts of the judgment.

The rights of the plaintiff to claim for both the 117 and the 130 lamps have been fully reserved in the original decree and continue so to be.

A re-examination of the evidence does not satisfy us, that we should, on the strength of it, now make an allowance for 117 lamps claimed.

When the plaintiffs shall claim for the 130 lamps, it will be no inconvenience for them to claim also for the 117 lamps, which, if it is proper, will be allowed on stronger proof.

Clerical errors alluded to in the opinion have been corrected.

Rehearing refused.